**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUSTIN CARNEGIE,<br><br>*Defendant.* | Criminal Action No. 14-cr-220-7<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Defendant Justin Carnegie's ("Carnegie") Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (the "FSA"), ECF No. 1000;

and it appearing that the United States of America (the "Government") opposes Carnegie's Motion, ECF No. 1020 ("Gov. Br.");

and it appearing that Carnegie is currently incarcerated at Federal Correctional Institute, McKean ("FCI McKean"), where he is serving a 300-month sentence for (1) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); (2) violent crime in aid of racketeering conspiracy to assault with a dangerous weapon, in violation of 18 U.S.C. § 1959(a)(6); (3) conspiracy to commit a violent crime/drugs/machine gun, in violation of 18 U.S.C. § 924(o); and (4) two counts of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846, see Judgment, ECF No. 855;

and it appearing that on April 7, 2021, Carnegie filed a pro se Motion for Reduction of Sentence, seeking a reduction of his sentence in light of his alleged medical condition, changes in sentencing law and compassionate release statutes, his rehabilitative efforts, and the novel coronavirus 2019 ("COVID-19") pandemic, see ECF No. 1000;

1

and it appearing that a defendant seeking a reduction in sentence under the FSA "bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release," United States v. Sellers, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A));

and it appearing that Carnegie appears to have exhausted his administrative remedies, as he claims that he submitted a request to the Bureau of Prisons ("BOP") and thirty days have lapsed without response, see ECF No. 1000, at 29;[1]

and it appearing that the Government argues that a reduction of sentence is improper because Carnegie has not presented extraordinary and compelling reasons for release, Gov. Br. at 9-11;

and it appearing that the Court may modify an imprisonment term if it finds "extraordinary and compelling circumstances warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i);

and it appearing that the Third Circuit has instructed that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release," United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020);

and it appearing that an inquiry into whether COVID-19 creates extraordinary and compelling circumstances "logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the

---

[1] The Government does not contest Carnegie's exhaustion of remedies, Gov. Br. at 3.

institution in which the defendant is incarcerated," United States v. Henderson, No. 15-329, 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting United States v. Moore, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020));

and it appearing that Carnegie submits that he suffers from asthma, see ECF No. 1000, at 43, Ex. A;

and it appearing that the CDC recognizes that those with moderate to severe asthma are at an increased risk of severe illness from a COVID-19 infection, see CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 9, 2022);[2]

and it appearing that while Carnegie makes no allegations regarding the status at FCI McKean, the BOP currently reports zero active cases of COVID-19 amongst inmates, out of a total prison population of 1031, see BOP, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Mar. 9, 2022);

and it appearing that FCI McKean has also made significant progress in vaccinating its population, reporting that 932 inmates out of the total prison population have been fully vaccinated, see BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/ (last visited Mar. 9, 2022);[3]

and it appearing that while access to vaccines does not completely eliminate the risk associated with COVID-19, courts have recognized that it significantly reduces the risk of severe illness and weighs against a reduction of sentence, see, e.g., United States v. McLean, No. 21-

---

[2] Courts in this District look to CDC guidance to identify medical conditions that may increase an individual's risk of serious complications from COVID-19. See, e.g., United States v. Batista, No. 18-415, 2020 WL 4500044, at *3 (D.N.J. Aug. 5, 2020).

[3] The Government represents that Carnegie himself is fully vaccinated. Gov. Br. at 3-4.

2301, 2021 WL 5896527 at *2 (3d Cir. Dec. 14, 2021) (concluding the district court did not err in denying compassionate release because the defendant's medical conditions "do not constitute an 'extraordinary and compelling' reason, especially in view of the fact that he has received a COVID vaccine");

and it appearing that even if this Court were to conclude Carnegie's medical condition may be an extraordinary and compelling reason for release, the Court must also consider the factors set forth in 18 U.S.C. § 3553 ("Section 3553")[4] "to the extent they are applicable" to determine whether a sentence reduction is appropriate, United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting Section 3582(c)(1)(A));

and it appearing that the Government argues that the seriousness of Carnegie's offenses, Carnegie's senior membership in the Grape Street Crips, and the length of time remaining on Carnegie's sentence weigh against release in this case, see Gov. Br. at 11-12;

and it appearing that Carnegie is presently incarcerated for numerous drug crimes involving both heroin and crack-cocaine and for violent conduct, including participating in a shooting where Carnegie and others attempted to avenge the murder of a fellow gang member by shooting at individuals associated with the rival gang that killed him, see ECF No. 822.1 at 19-23;

---

[4] Section 3553(a) requires the Court to consider, among other things:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available; [and]

    (4) the kinds of sentence and the sentencing range established [by the Sentencing Commission Guidelines (the "Sentencing Guidelines").]

and it appearing that Carnegie entered into a plea agreement with the Government to serve a 25-year prison sentence followed by ten years of supervised release, despite Carnegie facing up to life in prison for his offenses, see ECF No. 973 at 16-18, ECF No. 822.1;

and it appearing that as of the date of this Order, Carnegie has significant time remaining on his sentence, Gov. Br. at 12;[5] see Pawlowski, 967 F.3d at 330 (holding that a district court ruling on a motion for compassionate release may consider the amount of time remaining on a sentence in assessing the need to "promote respect for the law" and "afford adequate deterrence");

and it appearing that Carnegie argues that he has engaged in significant rehabilitation in prison to change his character, ECF No. 1000 at 26;

and it appearing while the Court acknowledges Carnegie's commitment to rehabilitation and the steps he has taken to prepare for his future, it concludes that Carnegie's significant criminal conduct, the need for his sentence to reflect the seriousness of his offense and afford adequate deterrence, and the length of time remaining on his 25-year sentence weigh against a reduction of sentence at this time;[6]

**IT IS** on this 9th day of March, 2022;

**ORDERED** that Carnegie's Motion for Reduction of Sentence and Compassionate Release, ECF No. 1000, is **DENIED without prejudice**.

/s Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[5] Carnegie was sentenced on December 4, 2018 and had already served about five years in prison at that time. See ECF No. 973 at 10-11.

[6] Carnegie also argues that, in combination with other reasons, the changes in sentencing law and compassionate release statutes also warrant "extraordinary and compelling" reasons justifying a reduction in his sentence. See generally ECF No. 1000. He relies mostly on the Sentencing Commission's provision for compassionate release under U.S.S.G. § 1B1.13, which provides that extraordinary and compelling reasons may exist for "other reasons." Id. at 21-22. However, the Court need not reach this argument given it still must apply the § 3553(a) factors and in this matter, those factors strongly weigh against release.